UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENNETH LUKOMSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:06-CV-028 AS |
| v. | ) |
| | ) |
| BARBARA GIBBS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

*OPINION AND ORDER*

Kenneth Lukomski, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court applies the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

A.

Mr. Lukomski alleges that Barbara Gibbs did not protect him from an attack by his cellmate. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." *Halley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

2

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Deliberate indifference can be inferred only where defendants know there is a strong likelihood rather than a mere possibility that violence will occur. *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials cannot be expected to eliminate the possibility of all attacks because the prison system is always potentially dangerous and sometimes explosive. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places"). Thus, the right to reasonable protection does not include the right to protection from random acts of violence. *See, McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991) ("some level of brutality . . . among prisoners is inevitable no matter what guards do").

Giving Mr. Lukomski the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim for monetary damages against Barbara Gibbs in her individual capacity for not protecting him from his cellmate in violation of the Eighth Amendment.

B.

Mr. Lukomski alleges that April Snyder and Karen Clupper denied him medical treatment for his hand and wrist injuries. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d at 1373. Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997).

Giving Mr. Lukomski the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim for monetary damages against April Snyder and Karen Clupper in their individual capacities for denying him medical treatment in violation of the Eighth Amendment.

### C.

Mr. Lukomski alleges that Haley Lawson did not respond to his grievance.

> [T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance.

*Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Because no response was required, this allegation does not state a claim.

### D.

Mr. Lukomski alleges that Chadd Barr supervises the medical department and was made aware, after the fact, that the nurses did not provide the medical treatment he needed.

> The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

*Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). Therefore, Chadd Barr cannot be sued merely for being a supervisor of the nurses. Furthermore, because he received actual notice of this denial of medical treatment only after it was too late to provide the allegedly needed emergency treatment, he was not personally involved in the denial of that treatment and will be dismissed. Though Mr. Lukomski alleges that Chadd Barr should have taken action to prevent this nurse's misconduct, a supervisor who merely fails to prevent subordinates' misconduct is not liable.

E.

Mr. Lukomski alleges that John R. VanNatta retaliated against him by removing him from his prison job. He alleges that the retaliation was motivated by Mr. Lukomski's lawsuit against him in *Lukomski v. VanNatta,* 3:03-CV-177

(N.D. Ind. filed March 7, 2003). Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir.2000). To state claim for retaliation, the complaint must first allege that the plaintiff was engaged in a Constitutionally protected activity and second, that engaging in that activity was a substantial or motivating factor in the defendant's actions against him. *See Mt. Healthy City School District v. Doyle*, 429 U.S. 274 (1977). That is to say, the plaintiff must allege that the retaliatory act would not have occurred "but for" the protected conduct.

"There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977).

> Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation. Otherwise, the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection. This objective inquiry is not static across contexts, but rather must be tailored to the different circumstances in which retaliation claims arise. Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before a retaliatory action taken against them is considered adverse.

*Dawes v. Walker*, 239 F.3d 489, 493 (2nd Cir. 2001) (citations and quotation marks omitted), *see also Bart v. Telford*, 677 F.2d 622, 625 (7th Cir.1982).

Giving Mr. Lukomski the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a monetary damages claim for retaliation against John R. VanNatta in his individual capacity.

F.

Mr. Lukomski discusses his C.A.B. hearings and appeals, but he does not allege that Chairman A. Robertson violated any of his constitutional rights. Perhaps he has named Chairman A. Robertson merely because he was found guilty and he believes that this finding was erroneous. To the extent that Mr. Lukomski seeks to bring such a claim, this § 1983 case is not the proper proceeding for such an assertion: he would need to file a separate habeas corpus proceeding. *See Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997). Because he lost 60 days good time, his sole federal court remedy would be in a habeas corpus proceeding. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

For the foregoing reasons, the court:

(1) **GRANTS** Kenneth Lukomski leave to proceed against Barbara Gibbs in her individual capacity for monetary damages for not protecting him from an attack by his cellmate inmate in violation of his Eighth Amendment rights;

(2) **GRANTS** Kenneth Lukomski leave to proceed against April Snyder and Karen Clupper in their individual capacities for monetary damages for denying him medical treatment in violation of his Eighth Amendment rights;

(3) **GRANTS** Kenneth Lukomski leave to proceed against John R. VanNatta in his individual capacity for monetary damages for removing him from his prison job in retaliation for filing the lawsuit *Lukomski v. VanNatta*, 3:03-CV-177 (N.D. Ind. filed March 7, 2003);

(4) **DISMISSES** all other claims;

(5) **DISMISSES** defendants Haley Lawson, Chadd Barr, and Chairman A. Robertson;

(6) **DIRECTS** the clerk to transmit the summons and USM-285 for Barbara Gibbs, April Snyder, Karen Clupper, and John R. VanNatta to the United States Marshals Service along with a copy of this order and a copy of the complaint (docket # 1);

(7) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Barbara Gibbs, April Snyder, Karen Clupper, and John R. VanNatta; and

(8) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Barbara Gibbs, April Snyder, Karen Clupper, and John R. VanNatta respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**IT IS SO ORDERED.**

**ENTERED: June  14  , 2006**

                                       **S/ ALLEN SHARP**
                                       **ALLEN SHARP, JUDGE**
                                       **UNITED STATES DISTRICT COURT**